Tracy R. Horn (CA Bar No. 258170)
**THE TORKZADEH LAW FIRM**
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111 / Fax: (310) 935.0100
E-mail: Tracy@TorkLaw.com

Attorneys for Plaintiff
SISINIO APAT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SISINIO APAT,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC; and DOES 1-10, Inclusive,<br><br>Defendant(s). | Case No. 8:16-cv-399<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, *et. seq.*)<br><br>JURY TRIAL DEMANDED |

NOW COMES plaintiff SISINIO APAT, by and through his attorneys, The Torkzadeh Law Firm, in his claim for damages against defendant(s) MIDLAND FUNDING, LLC ("MIDLAND"); and DOES 1-10, Inclusive. Upon information and belief, Plaintiff alleges as follows:

## I. INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair collections practices by many debt collectors, and has determined that abusive debt collections practices contribute to the number of

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collections abusers.

2. SISINIO APAT ("Plaintiff"), by and through Plaintiff's attorneys, brings this action to challenge the actions of MIDLAND (hereinafter "Defendant(s)") with regards to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff. Defendants' conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

///

///

TORK

## II. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and 15 U.S.C. §1692k.

8. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et. seq.* ("FDCPA").

9. Because defendant MIDLAND does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the FDCPA violations complained of occurred in this judicial district.

11. At all times relevant, Defendants conducted business within the State of California, County of San Diego.

## III. PARTIES

12. Plaintiff is a natural person who resides in the in the City of Rancho Santa Margarita, County of Orange, State of California.

13. Defendant MIDLAND is a corporation organized under the laws of the state of Delaware and is located at 3111 Camino Del Rio N. Ste. 1300, San Diego, California. MIDLAND, a subsidiary of Encore Capital Group, is part of a joint venture that comprises one of the nation's largest consumer debt buyers and recovery specialists.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by U.S.C. §1692a(3).

///

TORK

15. Defendants are persons/entities who use an instrumentality of interstate commerce or the mails in a business the principle purpose of which is in the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore “debt collectors” as that phrase is defined by 15 U.S.C. §1692a(6).

16. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a “consumer” as that term is defined by U.S.C. § 1692a(3).

## IV. FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

19. On or before March 3, 2015, Defendants filed a collections lawsuit against Plaintiff in Orange County Superior Court under Case No. 30-2015-00774666-CL-CL-CJC to recover an alleged debt. **(Ex. A).** Defendants’ state court lawsuit alleged the original creditor to be CITIBANK and alleged Plaintiff owed $7,259.39 on the account that had been purchased by Defendants.

20. On February 9, 2015, CITIBANK wrote Plaintiff a letter stating that the account balance was $0.00. **(Ex. B).**

21. Prior to Defendants filing their lawsuit, Plaintiff disputed the validity of the amount owed. Regardless, Defendants sued Plaintiff on said $0.00 balance account and falsely stated to the court that Defendant owed $7,259.39.

22. The account on which Defendants sued Plaintiff, the CITIBANK account, was used by Plaintiff for personal, family, or household purposes; therefore,

Defendants' alleged financial obligations arising from that account are a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. Through the conduct alleged above, Defendants violated 15 U.S.C. § 1692f(1): attempting to collect an amount not expressly authorized by agreement or permitted by law.

24. Through the conduct alleged above, Defendants violated 15 U.S.C. § 1692f: using unfair and unconscionable means in an attempt to collect a debt.

25. Through the conduct alleged above, Defendants violated 15 U.S.C. § 1692e(2): falsely representing the amount and legal status of a debt.

26. Through the conduct alleged above, Defendants violated 15 U.S.C. § 1692e(10): using false, deceptive and misleading representations in an attempt to collect a debt.

27. As a result of Defendants' unfair, oppressive and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

## V. FIRST CAUSE OF ACTION:

## VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et. seq.*

31. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the

///

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

a) an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;

b) an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

c) an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and

d) any and all other relief that this Court deems just and proper.

Date: March 3, 2016

Respectfully submitted,

**THE TORKZADEH LAW FIRM**

By: /s/ Tracy R. Horn

Tracy R. Horn (SBN: 258170)
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111
Fax: (310) 935-0100
E-Mail: Tracy@TorkLaw.com

ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SISINIO APAT, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Tracy R. Horn
Tracy R. Horn